United States District Court
Southern District of Texas
**ENTERED**
June 11, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LAMAR BURKS,<br>TDCJ #01011723,<br>　　Plaintiff, | §<br>§<br>§<br>§ | |
| VS. | §<br>§ | CIVIL ACTION NO. 4:26-CV-01605 |
| CHAD ALLEN SCOTT, *et al.*,<br><br>　　Defendants. | §<br>§<br>§<br>§ | |

### MEMORANDUM AND ORDER OF DISMISSAL

Plaintiff Lamar Burks (TDCJ # 01011723) is a state inmate in custody of the Texas Department of Criminal Justice at the Ramsey 1 Unit in Rosharon, Texas. Burks filed this civil rights action against several defendants who were instrumental in his conviction for murder, alleging that they maliciously prosecuted him and conspired together to obtain a false conviction. Doc. No. 1. After reviewing the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be DISMISSED without prejudice.

### I. DISCUSSION

Burks's complaint is subject to screening under the Prison Litigation Reform Act (PLRA), which requires a district court to scrutinize claims in a civil action brought by a prisoner and dismiss the complaint, in whole or in part, if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

1 / 4

Pleadings filed by *pro se* litigants must be construed under a less stringent standard of review. *See Haines v. Kerner,* 404 U.S. 519 (1972). Under this standard, a court liberally construes a document filed *pro se*. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

Public records reflect that Burks was convicted of murder in Harris County cause number 843968. *See State v. Burks*, Crim. No. 843968 (208th Dist. Ct., Harris County, Tex. Oct. 27, 2000). The Court observes that this is not the first time that Burks has sued the individuals and officials who were instrumental in securing his murder conviction, and those other lawsuits were dismissed as barred by *Heck* or for being malicious as a duplicative case seeking relief that was previously denied. *See, e.g., Burks v. Collins*, Civ. A. No. 4:12-cv-2152 (S.D. Tex. July 30, 2012) (dismissing case as frivolous as barred by *Heck*); *Burks v. Collins*, Civ. A. No. 4:12-cv-2387 (S.D. Tex. Aug. 20, 2012). Because Burks's murder conviction has not been overturned, his renewed civil rights claims for

2 / 4

relief in connection with that conviction are barred under the Supreme Court's holding in *Heck v. Humphrey,* 512 U.S. 477, 486–87 (1994).

*Heck* bars a civil rights action, regardless of the type of relief sought, that would necessarily imply the invalidity of the plaintiff's conviction or sentence, unless the conviction has previously been invalidated through proper channels. *Id.; Kutzner v. Montgomery County,* 303 F.3d 339, 340 (5th Cir. 2002). Thus, before a plaintiff can pursue a claim for damages or injunctive relief arising from allegedly unlawful actions which, if proven, would also show the plaintiff's conviction or sentence to be invalid, the plaintiff must first show that his conviction or sentence has been reversed on appeal, expunged by executive order, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.*

Burks's claims are inextricably linked to the legality of his murder conviction. He alleges that the defendants conspired to obtain his murder conviction, engaged in love affairs and/or conflicts of interest, and set him up. His claims directly challenge his conviction because a judgment favorable to him on his present civil rights claims would necessarily imply the invalidity of his conviction and sentence as being wrongfully obtained. Because Burks does not show that his conviction has been overturned or invalidated through proper channels, his current civil rights claims are barred by *Heck* and must be dismissed.

## II.   CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** that:

1.   Plaintiff's Complaint is **DISMISSED** without prejudice under 28 U.S.C. § 1915A(b)(1), for failure to state a claim on which relief may be granted based on *Heck v. Humphrey*, 512 U.S. 477 (1994).

2.   All pending motions are **DENIED as MOOT**.

3.   This dismissal constitutes a "strike" under 28 U.S.C. § 1915(g).

The Clerk of Court shall send a copy of this dismissal to the parties and to the Clerk of the United States District Court for the Southern District of Texas, Houston Division, 515 Rusk Street, Houston, Texas, 77002, Attention: Three-Strikes List Manager, at: **Three_Strikes@txs.uscourts.gov.**

SIGNED on this _____ day of June 2026.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE